## 66177. GARNER v. THE STATE.

POPE, Judge.

On January 5, 1982 defendant pled guilty to voluntary manslaughter and the trial court entered a judgment on the plea and sentenced defendant to fifteen years imprisonment. Defendant then filed a pro se notice of appeal on January 14, 1982 and also a request for the appointment of counsel. The appeal was then docketed in this court as Case No. 64129. However, since no action had been taken by

the trial court on defendant's request for the appointment of counsel, the case was remanded to the trial court "for the appointment of counsel, after which an out-of-time appeal to this court will be allowed." This order was made the order of the trial court. Following the appointment of counsel and the subsequent filing by counsel of a notice of appeal, the State, relying on *Conlogue v. State,* 243 Ga. 141 (6) (253 SE2d 168) (1979), moved to dismiss defendant's notice of appeal on the ground that defendant could not appeal directly from the judgment entered upon his guilty plea. But see *Fuller v. State,* 159 Ga. App. 512 (2) (284 SE2d 29) (1981). It is the granting of that motion which defendant now appeals.

"When a remittitur is received from this court by the trial court, it is the duty of the trial court 'in good faith' to carry into full effect the [mandate] of this court. [Cits.]" *Stone v. Peoples Bank,* 128 Ga. App. 796, 797 (197 SE2d 925) (1973). The first directive from this court to the trial court was the appointment of counsel to assist defendant with his appeal. See Douglas v. California, 372 U. S. 353 (83 SC 814, 9 LE2d 811) (1963). See generally *Finley v. Southern R. Co.,* 5 Ga. App. 722 (1) (64 SE 312) (1909); 5B CJS, Appeal & Error, § 1836(a). Because of the delay necessarily entailed by our first directive and because defendant had timely indicated his desire to appeal his conviction (the issue as to whether defendant was permitted a direct appeal from his guilty plea was not before us at that time), our second directive was that defendant was to be allowed an out-of-time appeal to this court. See generally *Mobley v. State,* 162 Ga. App. 23 (1) (288 SE2d 702) (1982). Under these circumstances, the trial court was required to appoint counsel for defendant and was precluded from dismissing the appeal. Accordingly, the judgment of the trial court dismissing defendant's appeal is reversed. We would emphasize that our decision herein is not a resolution as to the merits of the issue raised in the State's motion to dismiss and, further, does not preclude a similar motion directed to this court at an appropriate time. See generally 5 AmJur2d, Appeal & Error, § 916; 5 CJS Appeal & Error, § 1374.

*Judgment reversed. Quillian, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 20, 1983.

*J. Douglas Willix,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.