## A89A1773. BIGHAM v. WRIGHT.
(390 SE2d 109)

BIRDSONG, Judge.

This discretionary appeal was granted to review the trial court's judgment in this child visitation rights case. Bigham and Wright were divorced in 1987 with custody of their daughter given to the mother, Bigham, and visitation rights granted to Wright. Alleging that Wright had sexually abused his daughter, Bigham sought the termination of his visitation rights. After evidentiary hearings, the trial court refused to terminate Wright's visitation rights, but required that future visits with his daughter be supervised by Wright's parents.

Although dissatisfied with this decision, Bigham did not seek permission to appeal, but moved for a new trial contending that "the judgment" was contrary to the law and the evidence, and was strongly against the weight of the evidence. At the hearing on the motion, Bigham's counsel agreed the motion contended that the trial court

abused its discretion by not terminating the father's visitation rights. The motion was denied, and Bigham was granted permission for a discretionary appeal. *Held*:

When the application for this appeal was granted, it appeared the motion for new trial attacked errors contributing to the verdict. The record on appeal, however, shows the motion only attacked the judgment, not the verdict. That is not a proper basis for a motion for new trial. *State Farm &c. Ins. Co. v. Yancey*, 188 Ga. App. 8, 9 (371 SE2d 883). Therefore, the motion did not extend the time in which an application for discretionary appeal could be filed. *Sands v. Lamar Properties*, 159 Ga. App. 718, 719 (285 SE2d 24). Since the application for discretionary appeal was not filed within 30 days after the judgment below, the application was untimely and we have no jurisdiction.

*Appeal dismissed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 9, 1990.

*Eugene S. Taylor*, for appellant.
*Minor, Bell & Neal, Steven B. Farrow, Sara-Ellen Midkiff*, for appellee.