A90A0517. O'NEAL v. WINN-DIXIE OF ATLANTA, INC. et al.
(393 SE2d 473)

DEEN, Presiding Judge.

Appellant O'Neal was injured when she slipped on an "icy patch" on a concrete ramp providing egress from a grocery store operated by appellee Winn-Dixie Atlanta, Inc. (Winn-Dixie), and located in a shopping center owned by appellee Halpern Enterprises, Inc. (Halpern). She brought a negligence action against Winn-Dixie and Halpern, and on August 7, 1989, the trial court granted both defendants' motions for summary judgment on the basis that the undisputed facts demonstrated that Ms. O'Neal's knowledge of the alleged icy condition was equal or superior to that of defendants. On August 11, 1989, Ms. O'Neal filed *inter alia* a motion for reconsideration or in the alternative for new trial. The trial court denied the motion on August 31, 1989, and on September 27 Ms. O'Neal filed a notice of appeal, asserting four errors. Winn-Dixie and Halpern have filed motions to dismiss, alleging that the notice of appeal was untimely filed. *Held*:

1. Because appellees' motions to dismiss are predicated on jurisdictional grounds, we must first consider the motions as a means of determining whether we should — or may — address appellant's enumerations of error. Both appellees/movants contend that the appeal is untimely because, although the notice of appeal was filed only twenty-seven days after entry of the order denying reconsideration and new trial, the filing did not occur until some fifty-one days after entry of the order granting summary judgment, which is the judgment from which Ms. O'Neal actually appeals. Appellees contend that a motion for reconsideration does not belong to the category of pleadings which operate to extend the normal thirty-day period for the filing of a notice of appeal; and, further, that although a motion for new trial does operate to extend the filing period, it does so only when a motion for new trial is the appropriate motion in the particular procedural situation. Appellees urge that, "[b]ecause the judgment is one of law and does not involve the factual resolution of a jury verdict, it has been held repeatedly that a motion for new trial is not the proper vehicle to obtain a reexamination of the legal conclusions solely involved in a grant of summary judgment. [Cits.]" *Sands v. Lamar Properties*, 159 Ga. App. 718, 721 (285 SE2d 24) (1981).

Examination of appellant's motion for reconsideration or in the alternative for new trial reveals that, as in *Sands*, supra, the grounds cited consist not of "contested facts . . . [but of] the trial court's conclusions of legal results emanating from the undisputed facts." Id. at 719. As the *Sands* court pointed out: "[B]ecause the grant of summary judgment is a judgment on the merits [cit.], it is manifest that it is a factual as well as a legal resolution by the trial court. [Cits.] Where there is no genuine dispute of material fact and the admitted facts point to the right of one party to a judgment as a matter of law, then summary judgment is the proper remedy. [Cit.]" Id. at 720.

In the instant case the trial court's order granting summary judgment expressly alludes to the absence of dispute as to the facts constituting the dispositive issue. Thus, as in *Sands*, "[o]bjections which go to the judgment only, and do not extend to the verdict [i.e., the facts], cannot properly be made grounds of a motion for new trial. A motion for new trial seeks to set aside the verdict. No new trial is necessary to correct a judgment or decree." Id. at 719, citing *Barber v. Barber*, 157 Ga. 188 (121 SE 317) (1924). See also *State Farm Mut. &c. Ins. Co. v. Yancey*, 188 Ga. App. 8, 9 (371 SE2d 883) (1988). In the instant case, then, "[b]ecause the notice of appeal . . . was not timely filed in relation to the date of the entry of summary judgment, and a motion for new trial could not be used to challenge the propriety of the entry of such a judgment by the trial court, the motion for new trial did not toll the time of appealing. An appeal which is not timely filed properly is subject to dismissal." *Shine v. Sportservice*

*Corp.*, 140 Ga. App. 355 (231 SE2d 130) (1976). See also *Bigham v. Wright*, 194 Ga. App. 194 (390 SE2d 109) (1990).

2. We lack jurisdiction to address appellant's enumerations of error.

*Appeal dismissed. Pope and Beasley, JJ., concur.*

DECIDED APRIL 3, 1990 —
REHEARING DENIED APRIL 19, 1990 — 

*Ellen Gettinger*, for appellant.
*Fain, Major & Wiley, Donald M. Fain, Richard Kopelman, Gene A. Major, Sam F. Lowe III*, for appellees.