A02A0727. JOHNSON et al. v. AURORA LOAN SERVICES, INC.
(568 SE2d 84)

MIKELL, Judge.

In this appeal, we affirm the order granting a writ of possession to Aurora Loan Services, Inc. because the appellants have failed to carry their burden of proving error.

1. We first address Aurora's motion to dismiss this appeal. Contrary to Aurora's assertion, appellants have properly invoked this Court's jurisdiction. The record contains an appealable order, namely, the writ of possession entered on October 9, 2001. Moreover, appellants' notice of appeal was timely filed within seven days after the writ was entered. See OCGA § 44-7-56. Accordingly, Aurora's motion to dismiss is denied.

2. Appellants argue that the writ of possession should be dismissed. However, their pro se appellate brief contains no enumeration of errors, legal argument, or citation of authorities.[1] Nor does the

---

[1] See OCGA § 5-6-40; Court of Appeals Rules 22 (a) and 27.

brief challenge any ruling of the trial court. Appellants merely recount certain facts leading to the foreclosure of their home.[2] Since we are a court of law for the correction of legal errors committed by the trial court, appellants' factual assertions present nothing for review. *Lowe v. Brook Property*, 241 Ga. App. 840 (528 SE2d 284) (2000). Moreover, while a hearing was held on appellants' motion for an emergency stay of foreclosure, appellants failed to provide this Court with a transcript of the proceedings. The burden is on the party alleging error to show it affirmatively by the record, and when he does not do so, we must assume that the trial court's judgment below was correct and affirm. *Floyd v. Glover*, 251 Ga. App. 168 (554 SE2d 207) (2001).

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED JUNE 13, 2002 —
RECONSIDERATION DENIED JUNE 27, 2002

*Christopher J. McFadden*, for appellants.
Isaac W. Johnson, *pro se*.
*Campbell, Martin & Manley, David B. Manley III, Richard C. Taylor*, for appellee.

[2] Appellants' attachments to their brief cannot be considered. Attachments to the briefs do not constitute evidence and are insufficient to establish facts. *Hall County School Dist. v. C. Robert Beals & Assoc.*, 231 Ga. App. 492, 493 (498 SE2d 72) (1998).