A04A0198. IN THE INTEREST OF I. S. et al., children.
(595 SE2d 528)

BLACKBURN, Presiding Judge.

Following a finding that their children were deprived due to a lack of medical care, appellants, the biological parents of I. S. and D. S., appeal, contending that the evidence was insufficient to support the trial court's ruling. For the reasons set forth below, we must dismiss this appeal.

The record shows that, in an order decided on March 7, 2003, and later filed on May 8, 2003, the trial court determined that the appellants' children were deprived based on a lack of appropriate medical care. In this order finding deprivation, the trial court determined that appellants would retain custody of their children and set forth a safety plan for the parents to follow. Finally, the trial court set a hearing date of May 21, 2003, in this initial order for the purposes of a review of the case to determine whether the appellants had properly followed the safety plan.

Following the May 21, 2003 follow-up hearing, the trial court entered an order filed on July 18, 2003, in which it determined that, due to the appellants' cooperation with the Department of Family and Children Services and their adherence to the safety plan, the appellants should retain custody of their children and the file on the case should be closed. In entering this ruling, the trial court noted its earlier deprivation order entered on May 8, 2003, stating that the children had *previously* been found to be deprived and simply restated the findings of fact on which its previous ruling had been based.

On August 15, 2003, appellants filed a notice of appeal "from the Finding of Fact Judgment and Disposition of the Juvenile Court of Fulton County entered on May 8, 2003, and further entered on July 18, 2003, whereby the Court found that [I. S. and D. S.] were deprived pursuant to OCGA § 15-11-2 (8) (A)." A review of these two

orders of the trial court, however, shows that the finding of deprivation was made in the order entered on May 8, 2003, not in the order filed on July 18, 2003, which merely cited to the *prior* finding of deprivation.

When an appellant wishes to challenge a ruling of a trial court, a timely filed notice of appeal is an absolute necessity. OCGA § 5-6-38 (a), in relevant part, provides: "A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of." In this case, the judgment complained of is the trial court's finding of deprivation entered on May 8, 2003, not the trial court's July 18, 2003 ruling that the DFACS case against appellants should be closed. Accordingly, pursuant to OCGA § 5-6-38 (a), appellants should have filed a notice of appeal within 30 days of the May 8, 2003 order. In fact, they filed their notice of appeal on August 15, 2003, more than three months after the filing of the written order finding deprivation. As such, their appeal before this Court must be dismissed as untimely. See OCGA § 5-6-48 (b) (1). We further note that the matter has been rendered moot by the parents retaining custody and the case being closed by the trial court.

*Appeal dismissed. Barnes and Mikell, JJ., concur.*

DECIDED FEBRUARY 4, 2004 —
RECONSIDERATION DENIED FEBRUARY 23, 2004

*Varner, Stephens, Humphries & White, Jeffrey L. Riddle, Keilani Kimes-Parker*, for appellant.

*Thurbert E. Baker, Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen S. Nelson, P. Brian Campbell, Assistant Attorneys General*, for appellee.