A06A0463. KAPPELMEIER v. HSBC USA, INC. et al.
(634 SE2d 133)

RUFFIN, Chief Judge.

This case provides yet another example of the inherent dangers of proceeding pro se. Gottfried Kappelmeier filed a pro se RICO complaint against multiple defendants, including four banks, two

businesses, and four individuals. In a series of orders, the trial court dismissed all defendants. Following the most recent order, Kappelmeier appealed. Given the fundamental shortcomings of Kappelmeier's brief, we are compelled to affirm.

The relevant facts show that Kappelmeier initially filed suit against the following defendants: HSBC USA, Inc. d/b/a HSBC Bank, USA Visa Gold; HSBC Mortgage Corporation; Joseph Liermo; Republic National Bank of New York — Visa; Safra Republic Bank; Duncan & Mosley (the "Duncan firm"); Marty Stone; McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC (the "McCalla firm"); Daniel Phelan; and Richard Siegel. By order dated January 14, 2003, the trial court dismissed the complaint as to five of the defendants for failure to state a claim upon which relief could be granted. The dismissed defendants included HSBC Mortgage Corporation, Stone, the McCalla firm, Phelan, and Siegel. Kappelmeier did not appeal this ruling.

On October 20, 2003, the trial court entered another final order dismissing the complaint as to another three defendants for failure to state a claim upon which relief could be granted. These three defendants were HSBC USA, Inc., Liermo, and Republic National Bank of New York. Again, Kappelmeier did not appeal this ruling.

Following these two rulings, the only defendants remaining were Safra Republic Bank and the Duncan firm. By order dated August 22, 2005, the trial court dismissed the case against these final two defendants for want of prosecution. Specifically, the trial court found these two defendants had never been served with legal process. It is from this order that Kappelmeier appeals. However, Kappelmeier does not limit his arguments on appeal to the issues raised in the October 2005 order. Rather, his appellate brief consists of what appears to be a wholesale attack against all defendants and all rulings of the trial court.[1]

It is well established that "the proper and timely filing of [a] notice of appeal is an *absolute requirement* to confer jurisdiction upon the appellate court."[2] Pursuant to OCGA § 5-6-38, the notice of appeal must be filed within 30 days after the entry of the judgment about which the appellant complains. Here, Kappelmeier's failure to file a timely appeal as to the trial court's first two final orders is fatal to his arguments on appeal regarding those two orders. Indeed, we are

---

[1] We use the word "appears" because Kappelmeier's brief is particularly difficult to decipher.

[2] (Emphasis in original.) *Rockdale County v. Water Rights Committee, Inc.*, 189 Ga. App. 873 (377 SE2d 730) (1989).

without jurisdiction to address Kappelmeier's arguments with respect to the first eight defendants, who have been dismissed from the case.[3]

Moreover, the arguments with respect to these eight defendants are beyond the scope of the errors enumerated on appeal. Although we are generous in our interpretations of enumerated errors, such enumerations still need "to point out the error complained of."[4] Here, Kappelmeier's enumerations of error are as follows: "Error 1: Plaintiff's Motion to Stay Process. Error 2: Opposition Attorney Final Order of Dismissal." We are unable to glean from these pithy statements the errors alleged to have occurred below. As discussed above, however, the only error we are able to address relates to the trial court's dismissal of the final two defendants, Safra Republic Bank and the Duncan firm. And we can discern nothing in Kappelmeier's brief specific to the trial court's order dismissing the case against these two defendants.[5] By failing to address the only error over which we might have had jurisdiction, Kappelmeier has abandoned such error on appeal.[6]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JULY 10, 2006 — 

Gottfried A. Kappelmeier, *pro se.*
*McCalla & Raymer, Peter L. Lublin,* for appellees.

---

[3] See *Bailey v. McNealy,* 277 Ga. App. 848, 849 (2) (627 SE2d 893) (2006); OCGA §§ 5-6-38 (a); 5-6-48 (b) (1).

[4] (Punctuation omitted.) *Felix v. State,* 271 Ga. 534, 538 (523 SE2d 1) (1999).

[5] We note that although Kappelmeier has included numerous attachments to his brief, we are unable to consider such. "Attachments to the briefs do not constitute evidence and are insufficient to establish facts." *Johnson v. Aurora Loan Svcs.,* 256 Ga. App. 174, 175, n. 2 (568 SE2d 84) (2002). Thus, to the extent that some argument buried in an attachment might aid Kappelmeier's cause, we are unable to consider it.

[6] See *Ga. Bldg. Svcs., Inc. v. Perry,* 193 Ga. App. 288, 298-299 (6) (387 SE2d 898) (1989); Court of Appeals Rule 25 (c) (2) ("Any enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned.").