A10A0295. LEON v. MONTERREY MEXICAN RESTAURANT OF WISE, INC. et al.
(699 SE2d 423)

BARNES, Presiding Judge.

Hector Leon appeals the trial court's orders awarding him $123,911 for the value of his interest in Monterrey Mexican Restaurant of Wise, Inc., on January 1, 1999, and denying his motion for attorney fees.[1] Leon contends the trial court erred by failing to compensate him fully for the tortious deprivation of his corporate interest by awarding him either the equivalent of prejudgment interest on the value of his corporate interest or the profits of the corporation attributable to his corporate interest. He also contends the trial court erred by refusing to award attorney fees against Michael T. Smith as the executor of the estate of Raul Leon because the court found that Hector Leon failed to prove that his requested fees were reasonable and failed to apportion his claims between the issues he prevailed upon and those he did not. Finding no error, we affirm the trial court.

This is the second time that this court has addressed the issues[2]

---

[1] Although the trial court found that Leon failed to prove he was entitled to attorney fees, the court awarded him $34,912.32 for his expenses of litigation.

[2] The initial appeal was dismissed without consideration of the issues because the parties were attempting to appeal a non-final judgment.

in this dispute. The facts and a detailed analysis of the issues can be found in *Monterrey Mexican Restaurant of Wise v. Leon*, 282 Ga. App. 439 (638 SE2d 879) (2006) (*"Monterrey Mexican Restaurant I"*). After disposing of most of the issues presented in Monterrey's challenge to the trial court's judgment in favor of Hector Leon, we remanded the

> case to the trial court for recomputation of the value of Hector's one-third interest in the Corporation on January 1, 1999, in accordance with Division 5 (b) above, and for an evidentiary hearing concerning the allocation of attorney fees and expenses, in accordance with Division 6 (d) above.

Id. at 455. On all other issues the trial court was affirmed. Id.

1. Although Leon argues that the trial court erred by refusing to award him either the equivalent of prejudgment interest on the value of his corporate interest or the profits of the corporation attributable to his corporate interest, the trial court had no authority to do either. Our remand to the trial court directed that court to compute the value of Leon's corporate interest as of January 1, 1999. We note that after remand, the trial court awarded Leon $123,911, which we previously noted was the amount that his expert testified was the value of his share of the corporation at that time and which was the only evidence of damages presented at the trial. Id. at 449, n. 42.

Under our law, after remittitur of an appealed case is returned to the trial court by an appellate court with direction, "[t]he decision and direction shall be respected and carried into full effect in good faith by the court below." OCGA § 5-6-10. Thus, when a judgment is reversed and the case is remanded to the trial court with direction, "it is the duty of the trial court in good faith to carry into full effect the mandate of this court." (Citations and punctuation omitted.) *Garner v. State*, 168 Ga. App. 523, 524 (310 SE2d 7) (1983). Further, the rulings of the appellate court are binding on the trial court. *Palm Restaurant v. Prakas*, 192 Ga. App. 74, 76 (383 SE2d 584) (1989). Consequently, the trial court only had authority to do what it did and that was only to determine the value of Leon's corporate interest as of January 1, 1999. Had it done what Leon contends it should have done, the trial court would have committed reversible error.

If Leon disagreed with our decision and the direction given to the trial court in *Monterrey Mexican Restaurant I*, he should have challenged that decision when it was issued and should have attempted to have it reversed. Having failed to do that, he is bound by

224

that decision. OCGA § 9-11-60 (h) provides that

> [t]he law of the case rule is abolished; . . . provided, however, that any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be.

See, e.g., *Fulton-DeKalb Hosp. Auth. v. Walker*, 216 Ga. App. 786, 788 (1) (456 SE2d 97) (1995).

2. We find no merit to the appellees' contention that we are without jurisdiction to consider any error concerning the denial of attorney fees because Leon did not file a notice of appeal within 30 days of the trial court's entry of the order denying the fees. The appellees rely upon two cases, *Kappelmeier v. HSBC USA, Inc.*, 280 Ga. App. 349 (634 SE2d 133) (2006), and *In the Interest of I. S.*, 265 Ga. App. 759 (595 SE2d 528) (2004), as authority for their contention that if Leon wished to appeal the ruling denying him attorney fees, he was required to file a notice of appeal within 30 days of the entry of the order plus any authorized extension. Although that is the general rule, see OCGA § 5-6-38 (a), the statute requires that the notice of appeal be "filed within 30 days after entry of the *appealable decision or judgment*." (Emphasis supplied.) *In the Interest of I. S.*, supra, 265 Ga. App. at 760. Thus, the essential question is whether the order denying Leon's request for attorney fees was an "appealable decision or judgment," and it was not.

Under OCGA § 9-11-54 (a), "[t]he term 'judgment,' as used in this chapter, includes a decree and any order from which an appeal lies." Under OCGA § 9-11-54 (b), when more than one claim for relief is presented, an order adjudicating "fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties," absent both an express determination that there is no just reason for delay and an express direction for the entry of final judgment. Further, that subsection provides that such an order "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." OCGA § 9-11-54 (b). Therefore, as the trial court's order in this case denying Leon's claim for attorney fees did not contain an express finding that there was no just reason for delay and did not direct the entry of a final judgment, the order was not a directly appealable one, after which Leon had 30 days to file a notice of appeal as provided in OCGA § 5-6-38 (a). Conversely, the order finding the children were deprived in *In the Interest of I. S.*, supra, 265 Ga. App. 759, was an appealable final judgment. *In the*

*Interest of J. P.*, 267 Ga. 492 (480 SE2d 8) (1997). Consequently, the failure to file a notice of appeal within 30 days of that judgment's entry deprived this court of jurisdiction to consider the case.

Reliance on *Kappelmeier v. HSBC USA, Inc.*, supra, 280 Ga. App. 349, is also misplaced. Although this court dismissed Kappelmeier's appeal of several orders dismissing various defendants over a period of years, it is apparent from the opinion that those orders contained the required designation that no just reason existed for delay and direction to enter a final judgment under OCGA § 9-11-54 (b), even though the opinion does not state that fact explicitly. When reciting the facts, the opinion does state that certain defendants were dismissed and Kappelmeier did not appeal the orders doing so. Because Kappelmeier sued eight defendants and the two orders only dismissed five and then two defendants, Kappelmeier could only have appealed those orders if they had contained OCGA § 9-11-54 (b) certifications. Therefore, *Kappelmeier* is not authority for the proposition asserted, and we have jurisdiction to consider the attorney fees issues.

3. Leon contends the trial court erred in denying his motion for attorney fees. In Division 6 (a) of *Monterrey Mexican Restaurant I,* we held that attorney fees were appropriate only against Raul Leon because he was the one who had misappropriated Hector Leon's corporate interest. 282 Ga. App. at 450. Thus, only Raul Leon's estate, and not the corporation, could be held liable for the attorney fees. In Division 6 (d), we found that the trial court had failed to apportion the attorney fees and to award only the fees related to Hector Leon's prevailing claims, as required by *United Cos. Lending Corp. v. Peacock*, 267 Ga. 145 (475 SE2d 601) (1996). As a result, we vacated the award of attorney fees and expenses of litigation and remanded the case to the trial court with direction to conduct an evidentiary hearing on the award of attorney fees and expenses of litigation and to award fees and expenses attributable to the claims on which Hector Leon prevailed. 282 Ga. App. at 453.

After remand, the trial court held an evidentiary hearing and then concluded that Leon was not entitled to *any* attorney fees because he had not proven that his fees were reasonable and he did not allocate the fees between the successful and unsuccessful claims. Pretermitting whether Leon established whether the attorney fees he requested were reasonable, we consider whether he successfully allocated his fee request to those claims on which he prevailed.

Leon's lead counsel and another attorney testified on the issue. Neither witness, however, testified in detail about which attorney fee charge applied to any particular count of the complaint, theory of recovery, or claim on which Leon prevailed. Instead, the witnesses testified in the most general manner about what percentage of the fees sought applied to various issues. Indeed, after testifying that

review of the billing records showed five entries totaling $743 that should not have been billed to Leon's file; Leon's lead counsel testified that eight percent of the amount claimed was allocated to the claims on which they did not prevail. Counsel asserted that fees of $272,644.75 were incurred based upon 1,246.65 total hours of work on the claims on which Leon prevailed.

Counsel testified that his method of allocating the fees was as follows:

> The allocation I made was, since [breach of the duty of fair and equitable treatment of a minority shareholder] was the thrust of the case solidly going in, I then had to in effect back out the percentages for the amounts of time we spent on the counts that were abandoned along the way and the ones that were still there that Judge Reeves didn't mention in his order. But when you look at it, you have to look at the body of time, the depositions, the discovery disputes, the efforts to obtain service, and all of that preliminary work was thrust toward getting the defense to acknowledge that Hector Leon had an interest and it had been taken away.
>
> So what I did was, in making the allocation, I went back and I looked at the counts that had been abandoned or the counts that we didn't prevail on. And for example, fraud is barely mentioned and not mentioned at all at the trial of the case. But to be conservative, I said, well, I'll just allocate a half of one percent for fraud. I did find a brief once where there was a page and a half on fraud in a 37-page brief. I looked at the receivership concept, and I allocated 2 percent to that because I did find data that showed we spent approximately $3,787 drafting a motion to appoint a receiver which never occurred. And then I looked at the punitive damages, and punitive damages were in essence abandoned because Raul Leon died in the course of the case. And an estate is not liable for punitive damages. So I backed out [.5 percent] for that.
>
> And then I looked at Count 2, which was the straight-up breach of fiduciary duty, which Judge Reeves didn't mention. And I tried to make some call on the law on breach of fiduciary duty and the law on the count we prevailed on. Breach of fair and equitable treatment of a minority shareholder is virtually the same body of law. But I deducted [.5] percent for the research on fiduciaries that was different from breach of fair and equitable treatment of a minority shareholder.

. . .

And then I had another factor to deal with. In the conversion claim, there was a claim for money had and received, and that was a claim made that since Mr. Leon had invested $38,500 and his share prices as shown on the books were only $1,000, we took the position that he was entitled to get the $37,500 back. That it had to be a shareholder loan if it didn't show up as part of the price of his shares. And Judge Reeves decided against us on that $37,500. So I had to make an allocation on the conversion about how much time we spent on doing the math of $38,500, less $1,000, is $37,500. And then we had some research on assumpsit, and I spent a little time with the expert talking about that. It's in the expert's report. So I back out 4 percent for that factor. So out of the $178,336, I allocated 92 percent to the claims upon which we were successful, and 8 percent to the claims upon which we were not successful.

As a result of these calculations, Leon sought legal fees of $228,134.87 plus fees and costs of $34,919.32. The total claim was $263,054.19.

After discussing the evidence presented at the hearing, the trial court in its order concluded that Leon

failed to establish sufficient evidence of how much time was spent on the conversion issue that he advanced at trial. Indeed, rather than share what little billing records plaintiff has[,] showing the time [he] spent on conversion, plaintiff's counsel tendered a billing summary which redacted the few time entries that existed regarding conversion.

In particular, the court was not persuaded by Leon's explanation of how his counsel deduced the percentage he credited to the claims on which Leon did not prevail and whether the deductions were reasonable.

We share the trial court's concerns. Although we held that Leon was entitled to be awarded attorney fees because he prevailed on some of his underlying claims, *Monterrey Mexican Restaurant I*, 282 Ga. App. at 450 (6) (a), we nevertheless remanded the attorney fees issue to the trial court so that Leon could apportion his fee request to those claims on which he was successful. We understand that his effort was complicated by the fact that his recovery was based upon a theory he never advanced. This complication, however, did not excuse Leon from making the showing for which we remanded the attorney fee issue.

YALE LAW LIBRARY

*Monterrey Mexican Restaurant I* recites that Leon's complaint alleged claims of conversion, assumpsit, money had and received, breach of fiduciary duty, breach of fiduciary duty of fair and equitable treatment of a minority shareholder, appointment of a receiver, attorney fees under OCGA § 13-6-11, and punitive damages. It further recites that, after a two-day bench trial, the trial court found that Leon's stock had been wrongfully converted and that he had been wrongfully deprived of his shareholder interest as of January 1, 1999. The court awarded Leon $208,324 plus prejudgment interest. Id. at 440.

Upon appeal to this court, we found that Leon had a one-third interest in the corporation, but that the tort of conversion did not apply under the facts of the case. Instead, we affirmed the trial court under the "right for any reason" rule, finding that the defendants were liable for depriving Leon of his interest in the corporation. Id. at 445. Further, although we affirmed the trial court's findings that the defendants had breached their fiduciary duty of fair and equitable treatment of Leon as a minority shareholder and affirmed the award of lost profits, we reversed the award of $37,500 for money had and received, id. at 448, and the award for prejudgment interest. Id. at 454. At the hearing after remand, however, Leon's witnesses made little or no attempt to reconcile the fee amounts sought for the conversion claim with the recovery actually allowed by this court, or with the other claims on which he ultimately prevailed.

We made clear in *Monterrey Mexican Restaurant I* that attorney fees and other expenses of litigation may only be awarded on claims on which Leon was successful. We repeated our Supreme Court's statement in *United Cos. Lending Corp. v. Peacock*, supra, 267 Ga. 145, that "[a] prerequisite to any award of attorney fees under OCGA § 13-6-11 is the award of damages or other relief on the underlying claim." It is well established in this State that an award of attorney fees cannot be based upon guesswork or speculation. *Southern Cellular Telecom v. Banks*, 209 Ga. App. 401, 402 (433 SE2d 606) (1993).

Simply put, Leon failed to carry his burden of showing which of his fees were attributable to the claims on which he prevailed. It is not enough to conclude that because he prevailed on a theory based upon the deprivation of his corporate interest — a theory Leon did not assert in the trial court — he is entitled to recover all of his attorney fees connected with his effort to prove the conversion of his stock. This is particularly true here when *Monterrey Mexican Restaurant I* made a specific finding that the facts of this case did not give rise to a cause of action for conversion. 282 Ga. App. at 455.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed. Bernes, J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED JULY 14, 2010.

*Davis, Matthews & Quigley, Ron L. Quigley, Mina A. Elmanka-bady*, for appellant.

*Andrew, Merritt, Reilly & Smith, Raymon D. Burns, Brook A. Davidson*, for appellees.