## A11A0805. FRITZ v. SHADWICH et al.

(720 SE2d 361)

MILLER, Presiding Judge.

Kay Fritz filed a pro se complaint against Michael Shadwich, David Stoner, SS Properties Group, LLC, Best Land Investments, LLC, and John C. Whitmire Construction (collectively "Appellees"), seeking damages related to an allegedly wrongful eviction from her home. Appellees filed a motion to dismiss the suit for failure to state a claim upon which relief could be granted on the grounds that Fritz's claim was barred by res judicata and collateral estoppel given previous lawsuits related to a foreclosure and dispossessory action evicting Fritz from the residence. The trial court granted Appellees' motion.

"In ruling on a motion to dismiss, the trial court must accept as true all well-pled material allegations in the complaint and must resolve any doubts in favor of the plaintiff. We review the trial court's ruling de novo." (Citations, punctuation and footnotes omitted.) *Roberson v. Northrup*, 302 Ga. App. 405 (691 SE2d 547) (2010).

After a thorough review of the evidence and record on appeal, we dismiss the appeal.

Accepting the allegations as true and resolving any doubts in favor of Fritz, the record evidence shows that, in December 2008, SS Properties Group obtained Fritz's house at a foreclosure sale. When Fritz failed to vacate the premises, SS Properties Group obtained a writ of possession to have her removed. SS Properties Group subsequently sold the property to Best Land Investments. Fritz subsequently filed a suit seeking to evict the new tenant, but the trial court ruled against her in December 2009. Fritz then filed the instant complaint, as amended, alleging that Appellees caused her mental anguish, grief, trauma, and humiliation when they foreclosed on her home, "forc[ed] entry [into] her home," and took her personal property.

Appellees moved to dismiss the complaint for failure to state a claim, specifically arguing that Fritz's claims were barred by res judicata and collateral estoppel because they were, or should have been, raised in previous lawsuits concerning a challenge to the foreclosure and Fritz's attempt to evict the new tenant. The trial court agreed, and it dismissed her complaint.

Fritz contends that the trial court erred in its entry of judgment in the underlying foreclosure and eviction proceedings. Specifically, she argues that, in the prior foreclosure action, the trial court erred in denying discovery, awarding damages to Appellees, and failing to investigate whether the foreclosure was properly conducted.

To the extent that Fritz's claims attempt to challenge the prior foreclosure and dispossessory proceedings, we lack jurisdiction over

those prior claims. To challenge the writ of possession entered in the dispossessory proceeding, Fritz was required to file a notice of appeal within seven days of the writ's entry. See OCGA § 44-7-56. The prior writ of possession judgment was entered on December 26, 2008, and the judgment dismissing Fritz's suit to evict the new tenant was entered on December 17, 2009. Fritz's notice of appeal in the instant action, however, was not filed until November 19, 2010, rendering it untimely to challenge the December 2008 writ of possession judgment or the December 2009 eviction judgment. OCGA § 44-7-56; *Kappelmeier v. HSBC USA, Inc.*, 280 Ga. App. 349, 350 (634 SE2d 133) (2006) ("It is well established that the proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court.") (punctuation and footnote omitted); *Nalley v. Bartow County Grand Jurors*, 280 Ga. 790, 791 (1) (633 SE2d 337) (2006) (generally an appellant cannot challenge the validity of the legal merits of a prior final judgment that was not timely appealed).

Fritz's notice of appeal was timely filed to challenge the trial court's October 20, 2010 order dismissing her claims in the instant lawsuit. Significantly, however, Fritz's enumerations of error do not address the dismissal order. "By failing to address the only error over which we might have had jurisdiction, [Fritz] has abandoned such error on appeal." (Punctuation and footnote omitted.) *Kappelmeier*, 280 Ga. App. at 351. Since we lack jurisdiction to address Fritz's enumerations of error, the appeal must be dismissed. See, e.g., *O'Neal v. Winn-Dixie of Atlanta, Inc.*, 195 Ga. App. 409, 411 (2) (393 SE2d 473) (1990); *Westmoreland v. State*, 192 Ga. App. 173, 175 (1) (384 SE2d 249) (1989).[1]

*Appeal dismissed. Ellington and Doyle, JJ., concur.*

DECIDED NOVEMBER 29, 2011.

Kay Fritz, *pro se.*
*Christopher C. Young, Clifton M. Patty, Jr.,* for appellees.

---

[1] Appellees filed a motion to dismiss the appeal based on Fritz's failure to timely submit her brief. Previously, however, we granted Fritz an extension of time, and she filed her brief within the time provided under the extension. Appellees' motion to dismiss is therefore denied.