# Court of Appeals
# of the State of Georgia

ATLANTA, September 04, 2013

*The Court of Appeals hereby passes the following order:*

**A13D0527. JIM L. JACKSON v. PYRAMID MASONRY CONTRACTORS, INC., ET AL.**

**A14D0005. JIM L. JACKSON v. PYRAMID MASONRY CONTRACTORS, INC., ET AL.**

Jim Jackson received an on-the-job injury to his left elbow and arm on April 9, 1999. He filed a workers' compensation claim against his employer, Pyramid Masonry Contractors, the action was settled, and the settlement became the final award of the Board in September of 2002. It appears that Jackson attempted to reopen his case in 2012. Pyramid Masonry Contractors filed a motion to dismiss and its insurer filed a motion for summary judgment. In an order issued on April 19, 2013, the Appellate Division of the State Board of Workers' Compensation (the "Board") entered an order granting both motions. Jackson then filed a motion for reconsideration, which the Board denied on May 6, 2013. Jackson then filed an application for discretionary appeal in the Supreme Court on July 15, 2013, which transferred the case to this Court on August 19, 2013. That case was docketed as Case No. A14D0005. In the interim, Jackson filed a second application in this Court, which was docketed as A13D0527. We lack jurisdiction.

Jackson's pro se filings do not clearly indicate the relief he is seeking. The Board's order of April 19, 2013, is included in both applications, and the order denying his motion for reconsideration is included in Case No. A14D0005. In any event, Jackson is not entitled to a direct appeal in this Court. Rather, he was required to seek review of the Board's ruling by filing a timely notice of appeal in superior court. See OCGA § 34-9-105 (b). It does not appear that Jackson has sought such review, and the time to do so has expired. Jackson was required to appeal the Board's ruling within 20 days thereof. OCGA § 34-9-105 (b). Jackson filed a motion for reconsideration, but the denial of a motion for reconsideration is not directly appealable. *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000). And the

filing of such a motion does not extend the time for appealing the underlying order. See id.

Jackson's pro se applications contain a recitation of the physical and economic consequences he has suffered as a result of his injuries, and his plea for compensation as a result thereof. Jackson's brief enumerates no error committed by the trial court or the Board. "Since we are a court of law for the correction of legal errors committed by the trial court, [Jackson's] factual assertion[s] present[] nothing for review." *Johnson v. Aurora Loan Svcs.*, 256 Ga. App. 174, 175 (568 SE2d 84) (2002). *Lowe v. Brook Property, Inc.*, 241 Ga. App. 840 (528 SE2d 284) (2000). Accordingly, these applications are hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 09/04/2013
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_Stephen E. Castlen_ , *Clerk.*