# Court of Appeals
# of the State of Georgia

ATLANTA,  April 02, 2014

*The Court of Appeals hereby passes the following order:*

**A14A0972. PAULA ISAAC-JOHN et al. v. GWINNETT HOSPITAL SYSTEM, INC.**

Paula Isaac-John, George John, and the estate of Akima John sued multiple defendants for strict liability, negligence, medical malpractice, and wrongful death. On January 31, 2013, the trial court granted the defendants' motion for partial summary judgment on the plaintiffs' punitive damages claim and granted the defendants' motions regarding the exclusion of testimony. Thereafter, on April 10, 2013, the trial court granted a motion for summary judgment dismissing two of the named defendants. The plaintiffs filed a motion for reconsideration, which the trial court denied on May 20, 2013. On June 19, 2013, the plaintiffs filed a notice of appeal from the orders entered on January 31, 2013, April 10, 2013, and May 20, 2013. The defendants filed a motion to dismiss the notice of appeal, and the trial court granted the motion on August 23, 2013, finding that the notice of appeal was untimely. The plaintiffs have filed this direct appeal from the order dismissing their notice of appeal.

"[A] trial court's order dismissing a properly filed direct appeal is itself subject to a direct appeal." *American Medical Security Group v. Parker*, 284 Ga. 102, 103 (2) (663 SE2d 697) (2008). Nevertheless, this appeal presents issues that are moot. A moot issue is one where a ruling is sought on a matter that has no practical effect on the alleged controversy or where the issues have ceased to exist. See *Carlock v. Kmart Corp.*, 227 Ga. App. 356, 361 (3) (a) (489 SE2d 99) (1997). Pretermitting whether the trial court erred by dismissing the plaintiffs' notice of appeal, a reversal of the June 19, 2013 order would simply result in the plaintiffs' appeal from the

January 31, 2013, April 10, 2013, and May 20, 2013 orders coming before this Court. But the plaintiffs never filed a timely notice of appeal from the January 31, 2013 or April 10, 2013 orders, as required by OCGA § 5-6-38 (a), and out-of-time appeals are not permitted in civil cases. See *Woodall v. Woodall*, 248 Ga. 172, 173 (281 SE2d 619) (1981); *Fritz v. Shadwich*, 312 Ga. App. 906, 907 (720 SE2d 361) (2011) ("the proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court"). In addition, motions for reconsideration do not extend the time for filing a notice of appeal, see *Cheeley-Towns v. Rapid Group, Inc.*, 212 Ga. App. 183 (1) (441 SE2d 452) (1994), and an order denying a motion for reconsideration is not appealable in its own right. See *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000). Thus, we are without jurisdiction to review the May 20, 2013 order.

Because any ruling by this Court on the August 23, 2013 order presently on appeal would have no practical effect on the controversy, this appeal is hereby DISMISSED as MOOT.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 04/02/2014
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk.*