# Court of Appeals
# of the State of Georgia

ATLANTA,  June 21, 2017

*The Court of Appeals hereby passes the following order:*

**A17D0462.  VALERIE ARROYO v. JOSEPH COLBERT, JR.**

Valerie Arroyo filed this civil action against Joseph Colbert, Jr., in the superior court.  Colbert filed a motion to dismiss the complaint for failure to state a claim upon which relief could be granted.  On January 25, 2017, the superior court granted Colbert's motion and dismissed Arroyo's complaint with prejudice.  Arroyo filed a motion for new trial, which the superior court denied on May 5, 2017.  On May 22, 2017, Arroyo filed this application for discretionary review of the order dismissing her complaint.

Even if the order was subject to direct appeal, Arroyo's application is untimely.[1]  See OCGA § 5-6-35 (j) (we will grant an otherwise timely application for discretionary review if the trial court's order is subject to direct appeal).  To be timely, a discretionary application must be filed within 30 days of entry of the order sought to be appealed.  See OCGA § 5-6-35 (d).  The requirements of OCGA § 5-6-35 are jurisdictional, and we cannot accept an application for appeal not made in compliance therewith.  See *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989).

_____

[1] Arroyo states that she is filing her application pursuant to OCGA § 5-6-35 (a) (1), which provides that applications for discretionary review are required to seek review of decisions of superior courts reviewing decisions of lower courts by certiorari or de novo proceedings.  Here, it appears that while the parties have been involved in a related case in magistrate court, the instant action was originally filed in superior court, and therefore the order is directly appealable.  See OCGA § 5-6-34 (a) (1).

Here, Arroyo filed a motion for new trial, which, when timely filed, extends the time for filing an application for discretionary review. See OCGA § 5-6-35 (d). However, where a motion for new trial is not a proper vehicle for review of a trial court's action, the motion has no validity and will not extend the time for filing an application for discretionary review. See *Bigham v. Wright*, 194 Ga. App. 194, 194 (390 SE2d 109) (1990); see also *Pillow v. Seymour*, 255 Ga. 683, 684 (341 SE2d 447) (1986). Generally, a party cannot move for new trial if no trial has been had. See *Debter v. Stephens*, 297 Ga. 652, 652 (777 SE2d 244) (2015) (a motion for new trial is not a proper vehicle for challenging the grant of summary judgment); *Downs v. State*, 270 Ga. 310, 311 (509 SE2d 40) (1998) (one who has entered a guilty plea cannot move for new trial, as there was no trial); *Gooding v. Boatright*, 211 Ga. App. 221, 222 (438 SE2d 685) (1993) (objections that go to the judgment only, and do not extend to the verdict, cannot properly be made grounds of a motion for new trial).

Because Arroyo's motion for new trial was not the appropriate vehicle for challenging the superior court's ruling, it did not operate to extend the time for filing an application for discretionary review. See *Bigham*, supra; *Pillow*, supra. As no timely application was filed from the superior court's January 2017 order dismissing Arroyo's complaint, we lack jurisdiction to consider this matter. Accordingly, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  06/21/2017
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



, *Clerk.*