### S09F1368. O'KEEFE v. O'KEEFE.
(684 SE2d 266)

MELTON, Justice.

The divorce trial of Donald J. O'Keefe ("Husband") and Lynn O'Keefe ("Wife") was scheduled to begin at 9:00 a.m. on September 25, 2008. Husband, however, did not appear for trial until 1:30 p.m. Because of this late arrival, the trial could not be finished in one day. Due to scheduling conflicts of the court and the parties, the second day of trial did not occur until November 10, 2008. The trial court signed a final decree of divorce on November 20, 2008, but reserved the issue of attorney fees. In the divorce decree, the trial court invited the parties to submit letter briefs on this issue. Both parties did so, but neither party requested a hearing. On December 23, 2008, the trial court ordered that Wife "is hereby awarded attorney[ ] fees in the amount of $6,367.50 for the necessity of returning for a second day of trial and thus causing her to prepare a second time." The trial court also indicated in an explanatory footnote: "Because of all the parties['] and the Court's scheduling problems, the second day of trial was more than a month after the first day." The trial court further determined that each party would be responsible for any other attorney fees he or she incurred. Pursuant to this Court's Family Law Pilot Project, Husband now challenges the award of attorney fees to Wife.

Generally, an award of attorney fees is not available in

Georgia unless authorized by statute or contract. *Cary v. Guiragossian*, 270 Ga. 192 (4) (508 SE2d 403) (1998). OCGA § 19-6-2 (a) (1) authorizes the grant of attorney fees in a divorce action "[w]ithin the sound discretion of the court, except that the court shall consider the financial circumstances of both parties as a part of its determination of the amount of attorney's fees, if any, to be allowed against either party. . . ." OCGA § 9-15-14 (b) authorizes an award of "reasonable and necessary" attorney fees upon a finding that an action or any part thereof "lacked substantial justification, . . . was interposed for delay or harassment, or . . . an attorney or party unnecessarily expanded the proceeding by other improper conduct. . . ." The purpose of an award of attorney fees pursuant to § 19-6-2 is "to ensure effective representation of both spouses so that all issues can be fully and fairly resolved." *Johnson v. Johnson*, 260 Ga. 443, 444 (396 SE2d 234) (1990). The damages authorized by § 9-15-14 "are intended not merely to punish or deter litigation abuses but also to recompense litigants who are forced to expend their resources in contending with [abusive litigation]." *Ferguson v. City of Doraville*, 186 Ga. App. 430, 440 (367 SE2d 551) (1988), overruled on other grounds, *Vogtle v. Coleman*, 259 Ga. 115 (376 SE2d 861) (1989).

*Moon v. Moon*, 277 Ga. 375, 379 (6) (589 SE2d 76) (2003).

In this case, the trial court's order fails to state the statutory provision it relies on, and it fails to set forth the required facts to support an imposition of attorney fees under either OCGA § 19-6-2 or OCGA § 9-15-14. As a result, this case must be remanded to the trial court, and, on remand, the trial court must enter an order properly setting forth both the statutory basis for its award as well as the facts necessary to support the award. *Cason v. Cason*, 281 Ga. 296 (3) (637 SE2d 716) (2006).

*Judgment vacated and case remanded with direction. All the Justices concur.*

DECIDED SEPTEMBER 28, 2009.

*Miles W. Rich*, for appellant.
*Pamela L. Tremayne*, for appellee.