### A10A0029. FLEMING v. ADVANCED STORES COMPANY, INC. et al.

(688 SE2d 414)

BLACKBURN, Presiding Judge.

In this tort action, John Nolan Fleming, acting pro se, sued Advanced Stores Company, Inc. ("Advanced Stores") and one of its

employees (collectively "defendants"), alleging claims of false arrest, false imprisonment, and malicious prosecution. Both parties moved for summary judgment. Following a hearing, the trial court denied Fleming's motion for summary judgment and granted defendants' motion for summary judgment as to all of Fleming's claims. Fleming now appeals, arguing in four enumerations of error that the trial court erred in denying him summary judgment and in granting summary judgment in favor of defendants. Because Fleming's enumerations of error are not supported in his brief by citation of authority, argument, or specific reference to the record, and because Fleming did not include the transcript of the summary judgment hearing in the appellate record (in which testimony was taken), we affirm.

In Fleming's first two enumerations of error, he contends that the trial court erred in granting defendants' motion for summary judgment as to his false arrest and false imprisonment claims and also in denying his motion for summary judgment as to those claims. In his third and fourth enumerations, Fleming refers to his false imprisonment claim but appears to contend that the trial court misinterpreted a contract, which was not mentioned in Fleming's complaint. Contrary to Court of Appeals Rule 25 (c) (2), none of Fleming's four enumerated errors is supported by citations to the record, argument, or citation of authority.

We recognize that Fleming is acting pro se; nevertheless, "that status does not relieve him of the obligation to comply with the substantive and procedural requirements of the law, including the rules of this [C]ourt." *Simon v. City of Atlanta*.[1] Our Rule 25 (c) (2) (i) requires that "[e]ach enumerated error shall be supported in the brief by specific reference to the record or transcript. *In the absence of such reference, the Court will not search for or consider such enumeration*." (Emphasis supplied.) "It is not the function of this [C]ourt to cull the record on behalf of a party in search of instances of error. The burden is upon the party alleging error to show it affirmatively in the record." (Punctuation omitted.) *Cronin v. Homesales, Inc.*[2]

In addition, none of the enumerations is supported by either citation of authority or argument. Although Fleming's brief contains a section titled "Argument," the text of the first part of that section merely consists of a reiteration of his claim that defendants knowingly made false accusations about him, which led to his arrest. In the remainder of the Argument section, Fleming sets out what he

---

[1] *Simon v. City of Atlanta*, 287 Ga. App. 119, 120 (1) (650 SE2d 783) (2007).
[2] *Cronin v. Homesales, Inc.*, 296 Ga. App. 293, 294 (674 SE2d 35) (2009).

claims to be the allegations of his complaint and also includes new claims for defamation of character, intentional infliction of emotional distress, and punitive damages not alleged below. Nothing in the Argument section of Fleming's brief can be construed as legal argument, "which requires, at a minimum, a discussion of the appropriate law as applied to the relevant facts." (Punctuation omitted.) *Guilford v. Marriott Intl., Inc.*[3] See *Time Warner Entertainment Co. v. Six Flags Over Ga.*[4] Thus, Fleming's enumerations of error are deemed abandoned under Court of Appeals Rule 25 (c) (2). See *Guilford*, supra, 296 Ga. App. at 505; *Time Warner Entertainment Co.*, supra, 254 Ga. App. at 605 (3) (a).

Furthermore, even if Fleming's enumerations of error were not deemed abandoned, we are unable to review them. In the trial court's order granting summary judgment to the defendants, the court stated that it had considered all matters of record, including the sworn testimony of Fleming, which was taken during the summary judgment hearing. Thus, to review Fleming's enumerations, we are required to review the evidence and Fleming's testimony submitted during the hearing. However, Fleming did not include the hearing transcript in the appellate record.

As previously noted, "[t]he burden is on the party alleging error to show it affirmatively by the record. When the burden is not met, the judgment complained of is assumed to be correct and must be affirmed." (Punctuation omitted.) *Hosseini v. Donino.*[5] "Where, as here, the transcript is necessary for review and appellant omits it from the record on appeal, the appellate court must assume the judgment below was correct and affirm." (Punctuation omitted.) *Quarterman v. Lee.*[6] Moreover, no statutorily authorized substitute for the hearing transcript was submitted. See *Alexander v. Jones.*[7] Accordingly, we must affirm the trial court's judgment. See *Quarterman*, supra, 291 Ga. App. at 603-604; *Hosseini*, supra, 222 Ga. App. at 697 (1).

In light of our decision, defendants' motion to dismiss Fleming's appeal, which was filed contemporaneously with their appellees' brief, is moot.

*Judgment affirmed. Barnes and Bernes, JJ., concur.*

---

[3] *Guilford v. Marriott Intl., Inc.*, 296 Ga. App. 503, 505 (675 SE2d 247) (2009).

[4] *Time Warner Entertainment Co. v. Six Flags Over Ga.*, 254 Ga. App. 598, 605 (3) (a) (563 SE2d 178) (2002).

[5] *Hosseini v. Donino*, 222 Ga. App. 697 (1) (475 SE2d 665) (1996).

[6] *Quarterman v. Lee*, 291 Ga. App. 603 (662 SE2d 234) (2008).

[7] *Alexander v. Jones*, 216 Ga. App. 360, 361 (1) (454 SE2d 539) (1995).

DECIDED DECEMBER 16, 2009.

John N. Fleming, *pro se.*
*Mabry & McClelland, James W. Scarbrough*, for appellees.