**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J., and BOGGS, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**August 19, 2015**

# In the Court of Appeals of Georgia

A15A1578. ROGERS v. BALILES.

PHIPPS, Presiding Judge.

We granted the discretionary appeal application of Kimberly Rogers to review an award of attorney fees in the amount of $43,800 to her ex-husband David Baliles, pursuant to OCGA § 19-6-2. Because the trial court failed to include in its order factual findings to support the award of attorney fees, we reverse the award and remand the case.

"Georgia appellate courts generally apply an abuse of discretion standard in cases involving a claim of error in the decision to award or deny attorney fees.

Generally, an award of attorney fees is not available in Georgia unless authorized by statute or contract."[1]

The relevant facts are as follows. Rogers and Baliles were divorced in 2010, and have one minor child together. In December 2013, Baliles filed a motion for contempt, alleging that Rogers had violated the parties' divorce decree by withholding visitation with their child since August 19, 2013; Baliles also requested therein that he be awarded attorney fees. Baliles attached to his motion for contempt a copy of the parties' divorce decree, permanent parenting plan, and marriage settlement agreement.

After a bench trial on the contempt motion, the court entered an order in September 2014, finding Rogers in contempt of court. The court found that Rogers, who resided in Alabama, had withheld visitation after alleging that Baliles's brother had sexually abused the child, and that after state agencies and a police agency concluded that the allegation was unfounded, Rogers continued to withhold visitation in wilful disregard of the court's orders. Later, in an order entered on October 8, 2014, the trial court clarified a provision of its September 2014 contempt order

---

[1] *Ansell v. Ansell*, 328 Ga. App. 586, 590 (2) (759 SE2d 916) (2014) (punctuation and footnotes omitted).

regarding visitation and stated that "[c]ounsel for the parties may submit their attorney fees briefs to this Court within ten (10) days of the issuance of this Order."

Rogers acknowledges that Baliles subsequently "sent a letter to [the trial judge] requesting an award of attorney's fees and attaching a copy of his billing statement."[2] It does not appear from the appellate record that Rogers filed or otherwise submitted to the trial court any response to Baliles's letter. The trial court entered an order awarding attorney fees to Baliles pursuant to OCGA § 19-6-2. Rogers's discretionary appeal application and appeal followed, wherein she contends that the trial court erred in ordering her to pay Baliles's attorney fees because no evidence of the parties' financial circumstances had been admitted in evidence at the trial on the contempt motion or thereafter, upon which the trial court could base its attorney fee award.

OCGA § 19-6-2 (a) (1) provides, in relevant part, that

> [t]he grant of attorney's fees as a part of the expenses of litigation, made at any time during the pendency of the litigation, whether the action is for alimony, divorce and alimony, or contempt of court arising out of . . . a divorce . . . case, including but not limited to contempt of court orders involving . . . child visitation rights, shall be . . . [w]ithin the

---

[2] Rogers points out, however, that that letter was not included in the appellate record. Indeed, we have not found such letter in our review of the appellate record, and Baliles has not in his appeal brief provided a record citation for the letter.

sound discretion of the court, except that the court *shall* consider the financial circumstances of both parties as a part of its determination of the amount of attorney's fees, if any.[3]

The trial court expressly stated in its order awarding Baliles attorney fees that it had considered the financial circumstances of the parties; but the court did not include any findings as to those circumstances. The order pertinently states:

> Plaintiff has submitted an Application/Motion for Attorney's Fees. The same having been presented to the Court, and the Court having reviewed the Application, any Response, Exhibits, Pleadings, and all other matters of record, and after review of the controlling and applicable law, and the Court having considered the financial circumstances of both parties, the willingness of the parties to reach settlement in the matter, and the reasonableness of the attorney's fees sought for the legal services the Court has determined to be necessary in the case, the Court finds as follows: The Plaintiff sought an award of attorney fees in the interests of justice based upon the disparate incomes and financial resources of the parties. The Court finds that an award of attorney fees pursuant to OCGA § 19-6-2 for the Plaintiff is proper.

In support of the trial court's order, Baliles argues that the trial court had sufficient evidence of the parties' financial circumstances and that the absence of

---

[3] (Emphasis supplied.)

4

"detail about [Rogers's] current financial position" was Rogers's fault for failing to respond to discovery requests to provide documents about such information. Citing a page from the marriage settlement agreement (which was attached as an exhibit to the motion for contempt), Baliles asserts: "The Court's record included Ms. Rogers' income of $6,666.00 per month as of the date of divorce and an additional $1,302.00 in monthly child support." Citing to trial testimony, Baliles asserts: "Ms. Rogers testified that as of August, 2014, she was a licensed psychologist practicing for five years. She works five days a week, six or seven hours a day, working 2 ½ days at her home office and 2 ½ days at a rehab hospital. She has remarried and her husband has fulltime [sic] employment." This evidence, Baliles argues, was "sufficient evidence of [Rogers's] financial circumstances to support the Court's Order."

"[I]f a trial court fails to make findings of fact sufficient to support an award of attorney fees under . . . OCGA § 19-6-2 . . . , the case must be remanded to the trial court for an explanation of the statutory basis for the award and any findings necessary to support it."[4] Instead of making factual findings to support the order, the trial court merely recited sources upon which it had relied in coming to its conclusion.

---

[4] *Holloway v. Holloway*, 288 Ga. 147, 150 (2) (702 SE2d 132) (2010) (citation and punctuation omitted).

5

Thus, pretermitting whether the evidence upon which Baliles relies was sufficient to support the court's order, because the trial court failed to make factual findings to support the award of attorney fees in its order, we must reverse the award and remand the case.[5]

Notably, the language the trial court used in its order – i.e., that it had considered "the *willingness* of the parties to reach settlement in the matter, and the *reasonableness* of the attorney's fees sought for the legal services the Court has determined to be *necessary*"[6] – suggests that the award was based upon OCGA § 9-15-14,[7] and not OCGA §19-6-2, upon which the trial court's award was purportedly based. The Supreme Court of Georgia has stated that "[a]n award under OCGA § 19-6-2 depends on the financial circumstances of the parties, not their wrongdoing; it is to be made with the purpose of ensuring effective representation of both spouses

---

[5] Id.

[6] (Emphasis supplied.)

[7] OCGA § 9-15-14 (a) authorizes an award of "reasonable and necessary attorney's fees and expenses of litigation"; OCGA § 9-15-14 (b) authorizes an award of "reasonable and necessary attorney's fees and expenses of litigation . . . if [the court] finds that an attorney or party unnecessarily expanded the proceeding by . . . improper conduct").

in an action arising out of a divorce."[8] Here, the trial court failed to include any findings as to the financial circumstances of the parties, or how its award was necessary to ensure that Baliles, whose income at the time of the divorce was higher than Rogers's, received effective representation in the underlying action. "Thus, the issue of attorney fees must be remanded for an explanation of the statutory basis for the award and any findings necessary to support it."[9]

*Judgment reversed and case remanded. Doyle, C. J., and Boggs, J., concur.*

---

[8] *Cason v. Cason*, 281 Ga. 296, 299-300 (3) (637 SE2d 716) (2006) (citations and punctuation omitted). See also *O'Keefe v. O'Keefe*, 285 Ga. 805, 806 (684 SE2d 266) (2009) (the purpose of an award under OCGA § 19-6-2 is not punitive but to make sure that both parties are effectively represented so that all issues can be fully and fairly resolved).

[9] *Cason*, supra at 300 (3) (citation omitted); see *O'Keefe*, supra; *Leggette v. Leggette*, 284 Ga. 432, 433 (2) (668 SE2d 251) (2008) (attorney fee award reversed for failure to include an explanation of the statutory basis of the award and findings necessary to support it); *Wilson v. Wilson*, 282 Ga. 728, 734 (8) (653 SE2d 702) (2007) (same).