**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).**

**May 18, 2020**

# In the Court of Appeals of Georgia

A20A0564. BROOKS v. HAYDEN.

DILLARD, Presiding Judge.

Shantai L. Brooks appeals the trial court's order imposing a 12-month stalking protective order against her (sought by Lania Hayden), and assessing attorney fees. Specifically, Brooks argues that the trial court erred by awarding attorney fees to Hayden without specifying a statutory or factual basis for the award. For the reasons set forth *infra*, we vacate the attorney-fee award and remand the case with direction.

The record shows that Brooks and Hayden's husband have a child together. On April 19, 2019, Hayden—who is a vascular specialist—filed a petition for relief under the stalking statute against Brooks, alleging that Brooks repeatedly contacted her at her "job and place of business" since 2017. Hayden also alleged, *inter alia*, that in 2018, Brooks called her work pretending to be a patient with a complaint about her,

showed up at her house, was caught on camera sitting outside of her workplace, and followed her to Wal-mart, where the police were eventually called. Hayden identified numerous other incidents in which Brooks followed or harassed her, including one where—on the day before she filed the stalking petition—Brooks called her at work, asked to speak to a supervisor, eventually showed up at her workplace, and then had to be escorted off the property by security.

On April 26, 2019, the trial court held a hearing on Hayden's petition, and ultimately issued a 12-month stalking protective order, precluding Brooks from contacting Hayden, following her, or placing her under surveillance. At the close of this hearing, Brooks consented to the order. And while neither party requested attorney fees, the trial court, without explanation, awarded Hayden $750 in attorney fees "by order of the court." This appeal follows.

In her sole enumeration of error, Brooks contends that the trial court erred by failing to provide a statutory or factual basis for the attorney-fee award. And because we agree that the trial court erred by not providing any factual basis for the attorney-fee award, this case is vacated and remanded for proceedings consistent with this opinion.

2

This Court generally applies an abuse-of-discretion standard "in cases involving a claim of error in the decision to award or deny attorney fees."[1] And typically, an award of attorney fees is "not available in Georgia unless authorized by statute or contract."[2] Indeed, we have held that

> [w]hen there is more than one statutory basis for the attorney-fee award and neither the statutory basis for the award nor the findings necessary to support an award is stated in the order and *a review of the record does not reveal the basis of the award*, the case is remanded for an explanation of the statutory basis for the award and the entry of any findings necessary to support it.[3]

---

[1] *Rogers v. Baliles*, 333 Ga. App. 725, 725 (776 SE2d 659) (2015) (punctuation omitted).

[2] *Id.* (punctuation omitted).

[3] *Hall v. Hall*, 335 Ga. App. 208, 211 (2) (780 SE2d 787) (2015) (punctuation omitted) (emphasis supplied); *accord Viskup v. Viskup*, 291 Ga. 103, 106 (3) (727 SE2d 97) (2012); *Blumenshine v. Hall*, 329 Ga. App. 449, 454 (5) (765 SE2d 647) (2014); *Driver v. Sene*, 327 Ga. App. 275, 279 (4) (758 SE2d 613) (2014); *see O'Keefe v. O'Keefe*, 285 Ga. 805, 806 (684 SE2d 266) (2009) (holding that because the trial court's order failed to state which of two possible statutory provisions it relied on and failed to set forth the required facts to support an imposition of attorney fees, the case must be remanded to the trial court for it to enter an order properly setting forth both the statutory basis for its award, as well as the facts necessary to support the award).

In this matter, the trial court summarily awarded attorney fees to Hayden *sua sponte* without providing any statutory basis for the award. The trial court also did not hold an evidentiary hearing at which it could have provided such a basis. Nevertheless, a review of the record reveals that only one attorney-fee statute appears to apply to the facts and circumstances of this case. Specifically, OCGA § 16-5-94 (d) provides, in relevant part, that a "court may grant a protective order or approve a consent agreement to bring about a cessation of conduct constituting stalking," and "[o]rders or agreements may . . . [a]ward costs and attorney's fees to either party[.]"[4] So, under the plain language of OCGA § 16-5-94 (d) (3), "the trial court has the discretion to award costs and attorney fees only whe[n] the petition results in the entry of a court order or a consent agreement designed to end the conduct constituting stalking."[5]

Here, the trial court issued an order designed to end conduct constituting stalking for a period of 12 months, and thus, had the discretion to award attorney fees

---

[4] OCGA § 16-5-94 (d) (3).

[5] *Durrance v. Schad*, 345 Ga. App. 826, 829 (1) (815 SE2d 164) (2018); *see Bishop v. Goins*, 305 Ga. 310, 312 (824 SE2d 369) (2019) ("[A]n award of costs and attorney fees under OCGA § 16-5-94 (d) (3) depends on the trial court granting a protective order or approving a consent agreement designed to end the conduct constituting stalking[,] [and] . . . any award of costs and fees must be related to the 'order or agreement and must be included as part of the actual protective order or approved consent agreement." (punctuation and citation omitted)).

under OCGA § 16-5-94 (d) (3).[6] Even so, Brooks suggests that the trial court could have awarded attorney fees under more than one attorney-fee statute, and as a result, it must clarify the statutory basis for the award. But under the facts and circumstances of this case, we disagree.

In her brief, Brooks cites *Leggette v. Leggette*,[7] in which the Supreme Court of Georgia held that "if a trial court fails to make findings of fact sufficient to support an award of attorney fees under either OCGA § 19-6-2 or § 9-15-14, the case must be remanded to the trial court for an explanation of the statutory basis for the award

---

[6] Relying on *Durrance, supra,* Brooks argues that the trial court lacked discretion to enter an attorney-fee award because the parties consented to the order, and the trial court never ruled on the merits of Hayden's petition. But Brooks's reliance on *Durrance* is misplaced. Indeed, in *Durrance,* we held that "[t]he [stalking] statute does not provide the trial court with the discretion to award costs and fees where no such order *or consent agreement* is entered—i.e., where the court never rules on the merits of the petition." *Durrance,* 345 Ga. App. at 829 (1) (emphasis supplied). Thus, contrary to Brooks's contention, this Court considers a consent agreement to be a ruling on the merits of a petition for a stalking protective order. *See id.* This is evident from the plain language of OCGA § 16-5-94 (d), which provides discretion to trial courts to award attorney fees in stalking cases, and references both protective orders *and* consent agreements. *See* OCGA § 16-5-94 (d) (3) ("The court may grant a protective order *or approve a consent agreement* to bring about a cessation of conduct constituting stalking. Orders or agreements may . . . [a]ward costs and attorney's fees to either party . . . ." (emphasis supplied)).

[7] 284 Ga. 432 (668 SE2d 251) (2008).

and any findings necessary to support it."[8] But as discussed *infra*, neither OCGA §

19-6-2 or § 9-15-14 apply in this case. And importantly, the trial court did not make

*any* findings of fact, much less findings sufficient to satisfy either of those statutes.

Indeed, Brooks has not identified *even one* attorney-fee statute with an explanation

of how it might apply in this case—including OCGA § 16-5-94 (d) (3). Nevertheless,

we will briefly address the inapplicability of the statutes at issue in *Leggette* to the

facts of this case.

While OCGA § 9-15-14 (a) authorizes the award of attorney fees, it provides

that:

> [i]n any civil action in any court of record of this state, reasonable and
> necessary attorney's fees and expenses of litigation shall be awarded to
> any party against whom another party *has asserted a claim, defense, or*
> *other position with respect to which there existed such a complete*
> *absence of any justiciable issue of law or fact* that it could not be
> reasonably believed that a court would accept the asserted claim,
> defense, or other position.[9]

---

[8] *Id.* at 433 (2) (punctuation omitted).

[9] (Emphasis supplied).

And here, Brooks did not assert any meritless claims or defenses. To the contrary, she ultimately *consented* to the protective order at the close of the evidentiary hearing on Hayden's petition. For similar reasons, OCGA § 9-15-14 (b) does not apply because it provides that:

> [t]he court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party *brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct. . . .*[10]

Again, Brooks did not defend against Hayden's petition for a stalking protective order. Instead, she consented to it. And OCGA § 19-6-2 is likewise inapplicable because it authorizes attorney fees only in divorce and alimony cases.[11] In short,

---

[10] (Emphasis supplied).

[11] *See* OCGA § 19-6-2 (a) ("The grant of attorney's fees as a part of the expenses of litigation, made at any time during the pendency of the litigation, whether the action is for alimony, divorce and alimony, or contempt of court arising out of either an alimony case or a divorce and alimony case, including but not limited to contempt of court orders involving property division, child custody, and child visitation rights. . . .").

7

OCGA § 16-5-94 (d) (3) appears to be the only attorney-fee statute that applies;[12] and as a result, we need not remand this case to clarify the *statutory basis* for the fee award.[13]

---

[12] As mentioned *supra*, Brooks has not identified *any* specific statute under which attorney fees could have been awarded. And it is not the function of this Court to "cull the record on behalf of a party in search of instances of error." *Fleming v. Advanced Stores Co.*, 301 Ga. App. 734, 735 (688 SE2d 414) (2009) (punctuation omitted) Instead, the burden is "*upon the party alleging error* to show it affirmatively in the record." *Id.* (punctuation omitted) (emphasis supplied). Thus, we are under no obligation to address each and every possible attorney-fee statute in Georgia to determine whether it might possibly apply in this case.

[13] *See Viskup*, 291 Ga. at 107 (3) (holding that remand for the trial court to clarify the statutory basis for the attorney-fee award was unnecessary when only one possible attorney-fee statute applied); *Simmons v. Simmons*, 288 Ga. 670, 673-74 (6) (706 SE2d 456) (2011) (concluding that, based on a review of the record, the statutory basis for an attorney-fee award was not in question even though the trial court did not state a statutory basis for the award); *Moore v. Hullander*, 345 Ga. App. 568, 570 (2) (814 SE2d 423) (2018) ("To determine the statutory basis for a trial court's award of attorney fees, we look to whether the trial court's order cites a statutory basis for the award or tracks any statutory language, whether the party seeking attorney fees specified the statutory basis for awarding the fees, and *whether the record reveals the basis of the award*." (punctuation omitted) (emphasis supplied)). *Cf. Capital Floors, LLC v. Furman*, 351 Ga. App. 589, 598-99 (5) (831 SE2d 522) (2019) ("When there is *more than one* statutory basis for the attorney-fee award and neither the statutory basis for the award nor the findings necessary to support an award is stated in the order and a review of the record *does not reveal* the basis of the award, the case is remanded for an explanation of the statutory basis for the award and the entry of any findings necessary to support it." (punctuation omitted) (emphasis supplied)).

Nevertheless, in addition to requiring a statutory basis for an award of attorney fees, we have "repeatedly informed trial courts that they must set forth factual support for such an award."[14] And as previously mentioned, the trial court summarily granted

---

[14] *Hall*, 335 Ga. App. at 213 (2); *see Evers v. Evers*, 277 Ga. 132, 132 (2) (587 SE2d 22) (2003) ("In order to award attorney fees, a trial court must make findings of fact and conclusions of law which are sufficient to support the award."); *Razavi v. Merch.*, 330 Ga. App. 407, 409 (1) (a) (765 SE2d 479) (2014) ("When a trial court decides in its discretion to award attorney fees, the order must contain express findings of fact and conclusions of law as to the statutory basis for any such award and the conduct which would authorize it." (punctuation omitted)); *In the Interest of Serpentfoot*, 285 Ga. App. 325, 329 (4) (a) (646 SE2d 267, 271 (2007) (same); *Bellah v. Peterson*, 259 Ga. App. 182, 183 (2) (576 SE2d 585) (2003) ("The law is clear that findings of fact are required when a trial court grants an award of attorney fees."). Suffice it to say, OCGA § 16-5-94 (d) (3) differs materially from statutes like OCGA § 9-15-14, which requires a trial court to identify specific conduct and make detailed findings necessary to justify an award of attorney fees. In stark contrast, OCGA § 16-5-94 (d) (3) merely grants a trial court the discretion to award attorney fees and costs in stalking cases without any guidance as to the specific factual findings required. So, what is a trial court to do with a statute that is silent on the type of factual findings that are necessary to support an award of attorney fees? In considering this question, our analysis is guided by the applicable standard of review for an award of attorney fees. It is well known that we review attorney-fee awards for an abuse of discretion. *See Chalk v. Poletto*, 346 Ga. App. 491, 493 (816 SE2d 432) (2018) ("We review a trial court's decision whether to award attorney fees for an abuse of discretion."); *Odum v. Russell*, 342 Ga. App. 390, 393 (2) (802 SE2d 829) (2017) (same); *De Louis v. Sheppard*, 277 Ga. App. 768, 771 (2) (627 SE2d 846) (2006) (reviewing an attorney fee award granted under OCGA § 16-5-94 for abuse of discretion). And based on the caselaw noted *supra*, a trial court abuses its discretion if its award of attorney fees under OCGA § 16-5-94 (d) (3) does not include *any* factual findings. A trial court must, then, provide *some* factual findings explaining why it chose to exercise its discretion under the statute in that case, which will, in turn, be afforded great deference by the appellate courts. Thus, while the factual findings necessary to

9

attorney fees to Hayden without providing any factual basis to support the award. So, the award of attorney fees must be vacated and the case remanded for an explanation of the underlying factual basis for any such award, as well as the actual costs and reasonableness of those fees.[15]

support an attorney-fee award under OCGA § 16-5-94 (d) (3) may be *minimal* compared to the findings required by other statutes, the trial court must provide *some* factual basis for its award. And as noted in footnote 15, factual findings are also required to establish that the amount of an attorney-fee award is reasonable because "an award of attorney fees cannot be based upon guesswork or speculation." *Leon v. Monterrey Mexican Rest. of Wise, Inc*., 305 Ga. App. 222, 228 (3) (699 SE2d 423) (2010).

[15] *See Grailer v. Jones*, 349 Ga. App. 625, 633-34 (5) (824 SE2d 118) (2019) (vacating an attorney-fee award and remanding the case when, *inter alia*, the trial court failed to make "necessary factual findings"); *Cameron v. Miles*, 311 Ga. App. 753, 756-57 (2) (716 SE2d 831) (2011) (vacating an attorney-fee award and remanding for further clarification when the trial court did not provide, *inter alia*, factual basis for the award). The trial court also erred by failing to address the actual cost of Hayden's attorneys fees, as well as the reasonableness of those fees. *See Sims v. G.T. Architecture Contractors Corp*., 292 Ga. App. 94, 96 (1) (663 SE2d 797) (2008) ("[A]n award of attorney fees cannot stand where the plaintiff fails to prove the actual costs of his attorneys and the reasonableness of those costs."); *Kwickie/Flash Foods, Inc. v. Lakeside Petroleum, Inc.*, 256 Ga. App. 556, 558 (2) (568 SE2d 816) (2002) ("An award of attorney fees is unauthorized if appellee failed to prove the actual costs of the attorney and the reasonableness of those costs. . . .A party opposing a claim for attorney fees has a basic right to confront and challenge testimony as to the value and need for legal services." (punctuation and footnote omitted)); *Cannon Air Transp. Servs., Inc. v. Stevens Aviation, Inc*., 249 Ga. App. 514, 518 (6) (548 SE2d 485) (2001) ("An award of attorney fees is unauthorized if appellee failed to prove the actual costs of the attorney and the reasonableness of those costs. . . . Even though testimony from [the appellee's] own attorney on this

For all these reasons, we vacate the trial court's attorney-fee award in favor of Hayden and remand the case to the trial court for proceedings consistent with this opinion.

*Judgment vacated and case remanded with direction. Rickman and Brown, JJ., concur.*

---

matter would have sufficed, [he] made no effort to introduce such. . . . This glaring deficiency in the record requires this Court to vacate the attorney fees award." (punctuation and footnotes omitted)). On remand, the trial court should hear or review evidence regarding the actual cost of Hayden's attorney fees, and then determine the reasonableness of the amount of any fees awarded.