**FIRST DIVISION**
**BARNES, P. J.,**
**MARKLE and HODGES, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.gov/rules

June 24, 2026

# In the Court of Appeals of Georgia

A26A1514. KIM v. WEXEL.

HODGES, Judge.

Michelle Kim, acting pro se, appeals a trial court order that entered a final decree of divorce, found her in contempt, and awarded attorney fees to Andrew Wexel, her ex-husband, in this domestic relations action. She asserts various enumerations of error related to the court's order. For the reasons that follow, we vacate the trial court's award of attorney fees to Wexel and remand the case for the court to enter a new order that remedies the deficiencies in its fee award, but we decline to address Kim's remaining enumerations of error.

1. We note at the outset that Kim's pro se appellate brief lists four enumerations of error.[1] Kim, however, only raised one argument in her application for discretionary appeal:

> Applicant seeks discretionary review of the Final Judgment and Decree of Divorce entered by the Superior Court of DeKalb County solely as it relates to the award and amount of attorney's fees ordered to be paid by Applicant to Respondent. No other portion of the divorce decree is challenged.

*Kim v. Wexel*, Case No. A26D0292 (granted Jan. 27, 2026). As a result, Kim's enumeration of error regarding the attorney fees awarded by the trial court in its order is properly before this Court, but the remaining issues raised in Kim's appellate brief are not properly before us for review. See *Zekser v. Zekser*, 293 Ga. 366, 369(2) (744 SE2d 698) (2013) ("An application for discretionary review must enumerate the errors to be urged on appeal, and so, when we grant discretionary review, it necessarily is limited to the errors actually enumerated in the application.") (citation,

---

[1] Kim's enumerations of error include the following: (1) the trial court committed reversible error by awarding attorney fees without competent evidentiary support; (2) the trial court erred in finding contempt absent clear and convincing evidence of willful noncompliance; (3) the trial court violated her due process rights by failing to consider her filings; and (4) the trial court abused its discretion in issuing its order, resulting in manifest injustice.

punctuation, and footnote omitted). See also *Lutz v. Lutz*, 302 Ga. 500, 502(1) (807 SE2d 336) (2017) (holding that when a party did not raise an issue in his application for discretionary review, the issue was not properly before the appellate court for review); *Bernard v. Bernard*, 347 Ga. App. 429, 431(1) (819 SE2d 688) (2018) (holding that when a party did not raise a claim of error in his application, this Court could not consider it). Accordingly, we will not consider on appeal the arguments not raised by Kim in her application for discretionary appeal.

2. Turning to Kim's argument regarding the attorney fee award ordered by the trial court, we note that Kim's pro se appellate brief is woefully inadequate. First, her brief does not contain a single citation to the record in violation of Court of Appeals Rules 25(a)(5) ("At a minimum, the appellant's brief must include ... [a] statement of the case that sets out the material facts relevant to the appeal, describes the relevant proceedings below, and identifies how each enumerated error was preserved for review, with appropriate citations to the record.") or 25(d)(1)(i) ("Each enumerated error shall be supported in the brief by specific reference to the record or transcript. In the absence of a specific reference, the Court will not search for and may not consider that enumeration."). Such citations are "essential to consideration of the

enumerated errors[,]" *Tucker v. Crystal Clear Luxury Pools*, 361 Ga. App. 369 (864 SE2d 462) (2021), and we may deem an enumeration of error abandoned based on such failure to cite the record, *Yang v. Washington*, 256 Ga. App. 239(1) (568 SE2d 140) (2002).

In addition, Kim's two-sentence conclusory argument merely provides one case citation, to a non-existent case,[2] and does not provide any meaningful legal authority or argument related to the specific facts of the case. In such cases, we have deemed arguments abandoned. See *In the Interest of K. R.*, 367 Ga. App. 668, 677(2)(b) (888 SE2d 204) (2023). Accord *Gresham v. Harris*, 349 Ga. App. 134, 138(1) n. 9 (825 SE2d 516) (2019) (holding that legal analysis "is, at a minimum, a discussion of the

---

[2] Kim cites to *Johnson v. Ware*, 258 Ga. 439 (1988), a fictitious case. Although Kim is pro se, she nonetheless is required to follow the rules of this Court and cite to appropriate authority. See *Modi v. India-Am. Cultural Ass'n*, 367 Ga. App. 572, 574(2) (886 SE2d 378) (2023) ("Although [Appellant] is proceeding pro se, [she] is not relieved of [her] obligation to conform to this Court's rules.") (citation and punctuation omitted). We caution Kim that any future filings in this Court containing fictitious cases may result in the imposition of sanctions against her. See *Washington v. Washington*, A26A0506; slip op. at 1 n. 1 (Ga. App. June 4, 2026) (2026 Ga. App. LEXIS 272); see also Court of Appeals Rule 7(e)(2) ("The panel of the Court ruling on a case, with or without motion, may by majority vote to impose a penalty not to exceed $10,000 against any party and/or a party's counsel in any civil case in which there is a direct appeal, application for discretionary appeal, application for interlocutory appeal, or motion that is determined to be frivolous.").

appropriate law *as applied to the relevant facts*") (citation and punctuation omitted); *PraultShell, Inc. v. River City Bank*, 366 Ga. App. 70, 80(2) (880 SE2d 616) (2022) ("[M]ere conclusory statements are not the type of meaningful argument contemplated by our rules.") (citation and punctuation omitted).

Despite the issues with Kim's appellate brief, however, the trial court's award of attorney fees in this case, on its face, is deficient. The trial court's order states as follows with respect to attorney fees:

> [Wexel's] request for attorney's fees is granted pursuant to OCGA § 9-15-14 and § 19-6-2. The Court hereby orders [Kim] to deliver to [Wexel] the amount of twenty thousand seventy-five and fifty cents ($20,075.50) within thirty (30) days of the date of this Order. The Court finds these fees to be reasonable, customary and necessary in the litigation of this case.

"Generally, an award of attorney fees is not available in Georgia unless authorized by statute or contract." *O'Keefe v. O'Keefe*, 285 Ga. 805, 805-06 (684 SE2d 266) (2009) (citation and punctuation omitted).

> OCGA § 19-6-2 authorizes a court, within its discretion, to award attorney fees in a contempt of court action arising out of a divorce case; however, the court is to consider the financial circumstances of both parties in assessing such an award. An award under OCGA § 19-6-2

5

depends on the financial circumstances of the parties, not their wrongdoing; it is to be made with the purpose of ensuring effective representation of both spouses in an action arising out of a divorce.

*Cason v. Cason*, 281 Ga. 296, 299-300(3) (637 SE2d 716) (2006) (citations and punctuation omitted). An award under this statute requires the trial court to issue "findings of fact regarding the relative financial circumstances of each party, or otherwise cause the record to show that such had been properly considered." *Amoakuh v. Issaka*, 299 Ga. 132, 134(3) (786 SE2d 678) (2016).

In addition, OCGA § 9-15-14(a) mandates that the trial court *must* award attorney fees when a party asserts a claim, defense, or other position with "such a complete absence of any justiciable issue of law or fact" that the party could not reasonably believe that the court would accept it. And OCGA § 9-15-14(b) permits a trial court to award attorney fees if a party brings an action that "lacked substantial justification[,]" "was interposed for delay or harassment," or "unnecessarily expanded the proceeding by other improper conduct[.]" "[A]n order awarding attorney fees pursuant to [OCGA § 9-15-14] must specifically state whether the award is made under OCGA § 9-15-14(a) or (b)," *Woods v. Hall*, 315 Ga. App. 93, 97(2) (726 SE2d 596) (2012) (citation and punctuation omitted), and it must include "findings

of fact that specify the conduct upon which the award is made[,]" *Hicks v. Gabor*, 354 Ga. App. 714, 726(2)(b) (841 SE2d 42) (2020) (citation and punctuation omitted). See *Cohen v. Rogers*, 341 Ga. App. 146, 152(2)(b) (798 SE2d 701) (2017) ("To permit meaningful appellate review of an award of fees and expenses [under OCGA § 9-15-14], the trial court's order cannot be too vague and conclusory, such as where it fails to cite examples of conduct that authorize the award.") (citation and punctuation omitted).

Here, the trial court's order "fails to set forth the required facts to support an imposition of attorney fees under either OCGA § 19-6-2 or OCGA § 9-15-14." *O'Keefe*, 285 Ga. at 806. In addition, we cannot tell from the order under which subsection of OCGA § 9-15-14 the trial court may have awarded the fees. "If the award of attorney fees to [Wexel] was predicated on OCGA § 9-15-14, it must be vacated because the findings necessary to support such an award were not made." *Moon v. Moon*, 277 Ga. 375, 379(6) (589 SE2d 76) (2003). "If the award was predicated on OCGA § 19-6-2, it must be vacated" because the trial court's order does not include any evidence of the parties' financial circumstances to "support the conclusion that the award of attorney fees was to ensure that the recipient spouse

could afford effective representation." Id. As a result, the trial court's award of attorney fees in this case must be vacated, and the case must be remanded for the trial court to explain the particular statutory basis for the award and include any findings necessary to support it. *O'Keefe*, 285 Ga. at 806.

*Judgment vacated in part and remanded with direction. Barnes, P. J., and Markle, J., concur.*